IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

| | |
|---|---|
| **JERRY W.** | ) |
| | ) |
|    **Plaintiff,** | ) |
| | ) |
|    v. | )    **Civil Action No. CBD-20-1983** |
| | ) |
| **KILOLO KIJAKAZI[1],** | ) |
| | ) |
|    **Commissioner,** | ) |
|    **Social Security Administration,** | ) |
| | ) |
|    **Defendant.** | ) |

**MEMORANDUM OPINION**

Jerry W. ("Plaintiff") brought this action under 42 U.S.C. § 405(g) seeking judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner"). The Administrative Law Judge ("ALJ") denied Plaintiff's claim for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act ("SSA") and for Supplemental Security Income Benefits ("SSI") under Title XVI of the SSA. Before the Court are Plaintiff's Motion for Summary Judgment ("Plaintiff's Motion"), ECF No. 15, Plaintiff's Alternative Motion for Remand, ECF No. 15, ("Plaintiff's Alternative Motion"), and Defendant's Motion for Summary Judgment ("Defendant's Motion"), ECF No. 16. The Court has reviewed the motions, related memoranda, and the applicable law. No hearing is deemed necessary. *See* Loc. R. 105.6 (D. Md.). For the reasons presented below, the Court hereby **DENIES** Plaintiff's Motion, **DENIES** Defendant's Motion, **GRANTS** Plaintiff's Alternative

---

[1] When this proceeding began, Andrew Saul was the Acting Commissioner of the Social Security Administration. On July 9, 2021, Kilolo Kijakazi was sworn in as Commissioner and is therefore, automatically substituted as a party. *See* Fed. R. Civ. P. 25(d); *see also* 42 U.S.C. § 405(g) ("Any action instituted in accordance with this subsection shall survive notwithstanding any change in the person occupying the office of Commissioner of Social Security or any vacancy in such office.").

1

Motion, and **REMANDS** the ALJ's decision pursuant to the fourth sentence of 42 U.S.C. § 405(g) for further proceedings consistent with this opinion.  A separate order will issue.

I. **Procedural Background**

On June 20, 2017, Plaintiff filed for DIB and SSI under Titles II and XVI of the SSA, alleging disability beginning October 1, 2015.  R. 16.  Plaintiff alleged disability due to arthritis in hips and both knees, and degenerative joint disease.  R. 69, 78, 90, 101.  Plaintiff's claims were initially denied on November 13, 2017, and upon reconsideration on May 16, 2018.  R. 16.  An administrative hearing was held on August 19, 2019.  R. 16.  On September 12, 2019, Plaintiff's claims for DIB and SSI were denied.  R. 28.  Plaintiff sought review by the Appeals Council, which concluded on May 18, 2020, that there was no basis for granting the request for review.  R. 1.  Plaintiff subsequently filed an appeal with this Court.  ECF No. 1.

II. **Standard of Review**

On appeal, the Court has the power to affirm, modify, or reverse the decision of the ALJ "with or without remanding the cause for a rehearing."  42 U.S.C. § 405(g) (2019).  The Court must affirm the ALJ's decision if it is supported by substantial evidence and the ALJ applied the correct law.  *Id.* ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive."); *see also Russell v. Comm'r of Soc. Sec.*, 440 F. App'x 163-64 (4th Cir. 2011) (citing *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990)).  "In other words, if the ALJ has done his or her job correctly and supported the decision reached with substantial evidence, this Court cannot overturn the decision, even if it would have reached a contrary result on the same evidence."  *Schoofield v. Barnhart*, 220 F. Supp. 2d 512, 515 (D. Md. 2002).  Substantial evidence is "more than a mere scintilla."  *Russell*, 440 F. App'x at 164.  "It means such relevant evidence as a

reasonable mind might accept as adequate to support a conclusion." *Id*. (citing *Richardson v. Perales*, 402 U.S. 389, 401 (1971)); *see also Hays*, 907 F.2d at 1456 (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)) (internal quotation marks omitted) ("It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is substantial evidence.").

The Court does not review the evidence presented *de novo*, nor does the Court "determine the weight of the evidence" or "substitute its judgment for that of the Secretary if his decision is supported by substantial evidence." *Hays*, 907 F.2d at 1456 (citations omitted); *see also Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972) ("[T]he language of § [405(g)] precludes a *de novo* judicial proceeding and requires that the court uphold the Secretary's decision even should the court disagree with such decision as long as it is supported by 'substantial evidence.'"). The ALJ, not the Court, has the responsibility to make findings of fact and resolve evidentiary conflicts. *Hays*, 907 F.2d at 1456 (citations omitted). If the ALJ's factual finding, however, "was reached by means of an improper standard or misapplication of the law," then that finding is not binding on the Court. *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987) (citations omitted).

The Commissioner shall find a person legally disabled under Title II and Title XVI if he is unable "to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. §§ 404.1505(a), 416.905(a) (2012). The Code of Federal Regulations outlines a five-step process ("Five-Step Analysis") that the Commissioner must follow to determine if a claimant meets this definition:

1) Determine whether the plaintiff is "doing substantial gainful activity." 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i)(2012). If he is doing such activity, he is not disabled. If he is not doing such activity, proceed to step two.

2) Determine whether the plaintiff has a "severe medically determinable physical or mental impairment that meets the duration requirement in § [404.1509/416.909] or a combination of impairments that is severe and meets the duration requirement." 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii) (2012). If he does not have such impairment or combination of impairments, he is not disabled. If he does meet these requirements, proceed to step three.

3) Determine whether the plaintiff has an impairment that "meets or equals one of [the C.F.R.'s] listings in appendix 1 of this subpart and meets the duration requirement." 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii) (2012). If he does have such impairment, he is disabled. If he does not, proceed to step four.

4) Determine whether the plaintiff retains the "residual functional capacity" ("RFC") to perform "past relevant work." 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv) (2012). If he can perform such work, he is not disabled. If he cannot, proceed to step five.

5) Determine whether the plaintiff can perform other work, considering his RFC, age, education, and work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v) (2012). If he can perform other work, he is not disabled. If he cannot, he is disabled.

Plaintiff has the burden to prove that he is disabled at steps one through four, and Commissioner has the burden to prove that Plaintiff is not disabled at step five. *Hunter v. Sullivan*, 993 F.2d 31, 35 (4th Cir. 1992).

The RFC is an assessment that represents the most a claimant can still do despite any physical and mental limitations on a "regular and continuing basis." 20 C.F.R. §§ 404.1545(b)-(c), 416.945(b)-(c). In making this assessment, the ALJ "must consider all of the claimant's 'physical and mental impairments, severe and otherwise, and determine, on a function-by-function basis, how they affect [the claimant's] ability to work.'" *Thomas v. Berryhill*, 916 F.3d 307, 311 (4th Cir. 2019) (citing *Monroe v. Colvin*, 826 F.3d 176, 188 (4th Cir. 2016)); *see also* 20 C.F.R. §§ 404.1545(a), 416.945 (a). The ALJ must present a "narrative discussion describing

how the evidence supports each conclusion, citing specific medical facts (e.g. laboratory findings) and nonmedical evidence (e.g. daily activities, observations)," and must then "explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved." *See Thomas*, 916 F.3d at 311; SSR 96-8p, 1996 WL 374184 at *7 (S.S.A. July 2, 1996). "Once the ALJ has completed the function-by-function analysis, the ALJ can make a finding as to the claimant's RFC." *Thomas*, 916 F.3d at 311. "Ultimately, it is the duty of the [ALJ] reviewing the case, and not the responsibility of the courts, to make findings of fact and to resolve conflicts of evidence." *Hays*, 907 F.2d at 1456 (citing *King v. Califano*, 599 F.2d 597, 599 (4th Cir. 1979)). "[R]emand may be appropriate . . . where an ALJ fails to assess a claimant's capacity to perform relevant functions, despite contradictory evidence in the record, or where other inadequacies in the ALJ's analysis frustrate meaningful review." *Mascio v. Colvin*, 780 F.3d 632, 636 (4th Cir. 2015) (citing *Cichocki v. Astrue*, 729 F.3d 172, 177 (2d Cir. 2013)).

### III. Analysis

The ALJ evaluated Plaintiff's claim using the Five-Step Analysis. R. 19–28. At step one, the ALJ determined that Plaintiff has not engaged in substantial gainful activity since October 1, 2015, the alleged onset date. R. 19. At step two, under 20 C.F.R. § 404.1520(c) and §416.920(c), the ALJ determined that Plaintiff had the following severe impairments: obesity, right knee osteoarthritis, left hip osteoarthritis, and inflammatory polyarthropathy. R. 19. The ALJ stated that the listed impairments were severe because they "significantly limit [Plaintiff's] ability to perform basic work activities." *Id.* At step three, the ALJ determined Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1

(20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926)." R. 22. Before turning to step four, the ALJ determined that Plaintiff had the RFC to perform light work as defined in 20 C.F.R. § 404.1567(b) and 416.967(b). The ALJ discerned that Plaintiff had the following limitations:

> [Plaintiff] can lift, carry, push or pull up to 20 pounds occasionally and less than 10 pounds frequently. [Plaintiff] can sit for 6 hours of an 8-hour workday, and he can stand or walk for 2 hours of an 8-hour workday. [Plaintiff] may use an assistive device for ambulation. [Plaintiff] can occasionally climb ramps and stairs, but cannot climb ladders, ropes, or scaffolds. [Plaintiff] can occasionally balance, stoop, or crouch, but cannot kneel or crawl. [Plaintiff] should avoid concentrated exposure to extreme cold, to vibration, to uneven terrain, and to hazards such as moving machinery and unprotected heights.

R. 23. At step four, the ALJ determined that Plaintiff is unable to perform any past relevant work. R. 26. The ALJ found that Plaintiff has not been under a disability, since October 1, 2015, as defined in the SSA. R. 28.

On appeal, Plaintiff argues that 1) the ALJ erred by stating Plaintiff's physical and mental subjective complaints were not supported by the objective medical evidence; 2) the ALJ failed to include a limitation in the RFC for a medically required cane, and the ALJ also failed to address the bilateral nature of Williams' arthritis in the left hip and knee; 3) the ALJ erred when he restricted Plaintiff to light work, when the VE testified that the only jobs Plaintiff could perform were sedentary jobs; and 4) there is no medical opinion evidence from an examining source that supports the ALJ's decision, that Plaintiff has a non-severe impairment.[2] Pl.'s Mem. in Supp. of Pl.'s Mot. 1, ECF No. 15–1.

Plaintiff argues that the ALJ erred when rejecting Plaintiff's physical and mental impairments due to a lack of objective medical evidence. *Id.* at 6-7. Defendant contends that "the ALJ's decision demonstrates he did not rely on the lack of any significant objective medical

---

[2] The Court has summarized Plaintiff's arguments for conciseness. Plaintiff's arguments consist of mostly facts and lacks proper analysis.

findings, as he considered additional evidence that was inconsistent with [Plaintiff's] subjective complaints." Def.'s Mem. in Supp. of Def.'s Mot. 9-10, ECF No. 16–1. Specifically, Defendant states that the ALJ considered Plaintiff's reported activities, "including going to the mall and shopping in stores, as well as managing his finances, which the ALJ found are consistent with the ability to fulfill the mental demands of [his] basic work activities." *Id*. For the reasons stated below, the Court finds remand appropriate in this case.

In evaluating a claimant's subjective complaints pursuant to 20 C.F.R. §§ 404.1529 and 416.929, the ALJ is required to follow a two-step process. *Arakas v. Comm'r, Soc. Sec. Admin.*, 983 F.3d 83, 95 (4th Cir. 2020) (alteration in original) (citations omitted). First, the ALJ must find that objective medical evidence is present to show that a claimant has a medical impairment which could reasonably be expected to produce the symptoms alleged. 20 C.F.R. §§ 404.1529 (b), 416.929 (b). At the second step, the ALJ must evaluate the intensity and persistence of a claimant's symptoms to determine the extent to which it affects his ability to work. 20 C.F.R. §§ 404.1529 (c), 416.929(c). This step requires the ALJ to assess the credibility of the claimant's statements about her symptoms and their effect on her ability to perform work activities. *E.g.*, *Lewis v. Berryhill*, 858 F.3d 858, 866 (4th Cir. 2017) (citing 20 C.F.R. §§ 404.1529(c)(4), 416.929(c)(4)). A claimant's subjective statements about pain intensity or persistence "cannot be discounted solely based on objective medical findings." *Id.* Rather, if an ALJ finds that a claimant's statements are less than fully credible, he must support this conclusion by identifying which statements he finds less than credible and explaining "how he decided which . . . to believe and which to discredit." *Mascio*, 780 F.3d at 640.

Here, the ALJ found that based on the objective medical evidence, "[Plaintiff's] medically determinable impairments could reasonably be expected to cause the alleged

7

symptoms." R. 23. The ALJ then evaluated Plaintiff's statements and determined that "[Plaintiff's] statements concerning the intensity, persistence, and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record. . . ." R. 23. However, the ALJ failed to identify which of Plaintiff's statements the ALJ found to be less than credible and how he made his determination. When considering Plaintiff's allegations and subjective complaints, the ALJ explained that:

> [Plaintiff] testified that he cannot work due to the severe pain in his hips and knees. [Plaintiff] stated that he needs to use a cane or walker to walk, and he can only walk for half a block with a cane before he has to stop and rest. [Plaintiff] reported that he shifts his weight from the left side to the right side in order to keep his balance, and he cannot participate in activities with his children. [Plaintiff] stated that he has to sit down in order to take a shower, and he is not able to carry groceries due to the pain in his left side.

R. 23. The ALJ then reviewed Plaintiff's medical evidence extensively, noting any statements concerning pain and summarizing the objective medical findings, but not drawing any specific conclusions concerning their credibility. The ALJ concluded that:

> As for [Plaintiff's] statements about the intensity, persistence, and limiting effects of his symptoms, they are inconsistent because [Plaintiff's] admitted daily activities and abilities do not support a finding of disability. For example, Plaintiff reported that he is able to prepare his own meals daily; including frozen dinners and sandwiches (internal citations omitted). [Plaintiff] stated he shops in stores, two to three times per month, for food and clothing, and he goes to the mall a few times per month (internal citations omitted). [Plaintiff] stated that he is able to count change, handle a savings account, and use a checkbook (internal citations omitted). These activities require skills that are consistent with the ability to fulfill the mental demands of basic work activities.

R. 24.

Throughout the ALJ's RFC analysis, the ALJ erroneously dismissed Plaintiff's subjective complaints by requiring objective evidence. For instance, the ALJ stated that:

> [Plaintiff's] allegations are not supported by the objective medical evidence. The medical records confirm [Plaintiff's] severe impairments of obesity, right knee osteoarthritis, left hip osteoarthritis, and inflammatory polyarthropathy; however, the records do not support the severity [Plaintiff] alleges.

R. 23-24. The ALJ almost contradicts himself by stating that "Plaintiff's allegations are not supported by the objective medical evidence," but then states that the medical records confirm Plaintiff's severe impairments. The ALJ here impermissibly required a heightened level of evidence. The ALJ made other references throughout his analysis that suggests he was looking for specific objective medical evidence to support Plaintiff's contentions. When discussing Plaintiff's complaints of chronic hip and knee pain, the ALJ noted:

> An x-ray of the left hip confirmed degenerative changes, but there was no evidence of fracture or dislocation (internal citations omitted). An MRI also found joint space narrowing with marrow edema (internal citations omitted). Regarding [Plaintiff's] right knee, an x-ray revealed synovial osteochondromatosis (internal citations omitted). Importantly, there was no evidence of significant arthritic changes or soft tissue abnormality (internal citations omitted). An MRI showed degenerative changes in the medical compartment; however, there was no evidence of any significant Baker's cyst (internal citations omitted).

R. 24. While the ALJ noted degenerative changes, joint space narrowing with marrow edema, and synovial osteochondromatosis, the ALJ also explained that "there was no evidence of fracture or dislocation"; "there was no evidence of 'significant' arthritic changes or soft tissue abnormality"; and "there was no evidence of any 'significant' Baer's cyst." The ALJ impermissibly discounted Plaintiff's subjective complaints, due to the absence of heightened objective medical findings the ALJ seemingly required. Similarly, the ALJ erred when discussing Plaintiff's diffuse joint pain. The ALJ stated that Plaintiff complained of diffuse joint pain and upon examination, his range of motion was limited in the left hip. R. 24. The ALJ also noted that Plaintiff continued to report persistent joint pain in June of 2019. R. 24. Although the ALJ found that his examination showed "no evidence of laxity or ligamentous instability in the right knee," the ALJ did not explain how this, or any other evidence the ALJ references, casted doubt on Plaintiff's subjective complaints. R. 24. In the instances above, the ALJ failed to explain how he came to those findings and which of Plaintiff's statements he found credible and

9

why. *See Mascio*, 780 F.3d at 640. Further, the ALJ impermissibly required a heightened level of objective medical evidence to support Plaintiff's contentions.

As for the medical opinion evidence, the ALJ also erred when considering Plaintiff's subjective complaints. When giving partial weight to Dr. White, the ALJ stated that the evidence did not indicate Plaintiff could only lift up to ten pounds. R. 25. The ALJ explained that "[Plaintiff's] February 2019 x-ray of the lumbar spine showed only mild disc space narrowing. . . and there was 'no evidence of soft tissue damage.'" R. 25. The ALJ gave great weight to the consultative examinations at the initial and reconsideration level, because "they are consistent with and supported by the objective medical evidence." R. 25. Yet, the ALJ noted that "[Plaintiff's] July 2017 x-rays showed severe degenerative changes in the left hip as well as synovial osteochondromatosis in the right knee." The ALJ also noted that "[d]uring the November 9, 2017, orthopedic consultative examination, [Plaintiff's] right knee was tender, but there was no 'gross evidence' of ligamentous laxity." R. 25. The ALJ again points to objective medical evidence that supports Plaintiff's assertions by recognizing that Plaintiff suffered "severe degenerative changes," and Plaintiff's right knee was tender, but the ALJ erred by requiring a heightened "gross evidence," to support Plaintiff's claims.

Since the severity of some symptoms cannot always be observed exclusively by objective medical evidence, the ALJ is not permitted to reject statements regarding the intensity and persistence of pain or other symptoms solely because they are not substantiated by the objective medical evidence. 20 C.F.R. § 416.929(c)(2); *Hines v. Barnhart*, 453 F.3d 559, 563-64 (4th Cir. 2006). "To the extent that the ALJ stated that he considered other evidence, 'ALJs apply an incorrect legal standard by requiring objective evidence of symptoms even when they also consider other evidence in the record.'" *Willie L. v. Kijakazi*, No. CV TMD 20-3279, 2021 WL

5233565, at *5 (D. Md. Nov. 10, 2021) (citing *Arakas v. Comm'r, Soc. Sec. Admin.*, 983 F.3d 83, 97 (4th Cir. 2020). Also, "ALJs who require a claimant's subjective descriptions of [his] symptoms to be supported by objective medical evidence improperly increase the claimant's burden of proof." *Mary H. v. Kijakazi*, No. CV TMD 20-1718, 2021 WL 3617212, at *6 (D. Md. Aug. 16, 2021) (citing *Arakas,* 983 F.3d at. 96).

      As shown above, several times throughout the ALJ's RFC analysis, the ALJ pointed to objective medical evidence that support Plaintiff's contentions. When determining whether Plaintiff met Listing 1.02, the ALJ considered Plaintiff's testimony and stated, "[Plaintiff] testified that he is able to ambulate with a cane." R. 22. The ALJ pointed to an orthopedic consultative examination, that noted Plaintiff could ambulate with a single-point cane during the examination. R. 24. The ALJ also noted that Plaintiff's range of motion was limited in the left hip and the right knee. *Id.* Despite referencing Plaintiff's use of a cane and other pain throughout the record, the ALJ ignored a corresponding RFC limitation to Plaintiff's subjective complaints. The ALJ did not account for Plaintiff's affirmative use of a cane, even though a medical expert stated he needed one. R. 25. There is also nothing in the RFC that considers Plaintiff's complaints that he has severe pain in his hips and knees; he needs a walker to walk; he can only walk for half a block with a cane before he has to stop and rest; he cannot carry groceries inside due to pain in his left side; he cannot participate in activities with his children; he needs to sit down to take a shower; and that he shifts his weight from the left side to the right side in order to keep his balance. R. 23. While the ALJ does not need to account for all of Plaintiff's limitations, the ALJ failed to adequately explain why there are no limitations in the RFC that account for any of Plaintiff's subjective complaints.

11

Even though the ALJ did point to Plaintiff's activities of daily living to discount Plaintiff's subjective complaints, the ALJ failed to explain how this casted doubt on the credibility of Plaintiff's statements concerning his symptoms. R. 24. Without a narrative discussion from the ALJ explaining the role of that evidence in his determination, the Court cannot determine if substantial evidence supports the ALJ's decision. *Laroche*, 2018 WL 1243545 (citing *Brown v. Comm'r Soc. Sec. Admin.*, 873 F.3d 251, 269 (4th Cir. 2017)). "'A necessary predicate to engaging in substantial evidence review is a record of the basis for the ALJ's ruling,' including 'a discussion of which evidence the ALJ found credible and why, and specific application of the pertinent legal requirements to the record evidence.'" *Lewis*, 858 F.3d at 866 (quoting *Radford v. Colvin*, 734 F.3d 288, 295 (4th Cir. 2013)). Simply stating that Plaintiff is not credible or that his contentions are not supported by the objective medical evidence, is insufficient. *Laroche v. Berryhill*, No. CV TMD 16-3214, 2018 WL 1243545, at *6 (D. Md. Mar. 9, 2018) ("*Mascio* . . . requires the ALJ to articulate which of a claimant's individual statements are credible, rather than whether the claimant is credible as a general matter.")

The ALJ also failed to explain to what extent, Plaintiff could perform daily living activities or "'explain how those activities showed that [Plaintiff] could sustain a full-time job' and could actually perform the tasks required by light work." *Willie L. v. Kijakazi*, No. CV TMD 20-3279, 2021 WL 5233565, at *6 (D. Md. Nov. 10, 2021) (citing *Brown*, 873 F.3d at 269; *see Arakas*, 983 F.3d at 100 ("[a]n ALJ may not consider the type of activities a claimant can perform without also considering the extent to which she can perform them.") (citing *Woods v. Berryhill*, 888 F.3d 686, 694 (4th Cir. 2018); *see also Mary H. v. Kijakazi*, No. CV TMD 20-1718, 2021 WL 3617212, at *6 (D. Md. Aug. 16, 2021) ("Plaintiff was, therefore, entitled to rely

exclusively on subjective evidence to prove that her symptoms were so continuous or severe that they prevented her from working a full eight-hour day.").

The Court notes that the medical records show Plaintiff suffers from obesity. It is well-known that symptoms of obesity, combined with other impairments, can produce significant symptoms. *See* Soc. Sec. Ruling 19-2 Titles II and XVI: Evaluating Cases Involving Obesity, SSR 19-2p, 2019 WL 2374244 (S.S.A. May 20, 2019) ("People with obesity have a higher risk for other impairments, and the effects of obesity combined with other impairments can be greater than the effects of each of the impairments considered separately."). The ALJ points out that "obesity may have an adverse impact upon co-existing impairments." *Id.*; R. 19. Thus, since the ALJ found obesity to be a severe impairment, it is plausible that Plaintiff's allegations of pain are credible. However, since the ALJ did not mention which of Plaintiff's statements he found credible, and just stated that Plaintiff's statements are inconsistent or not supported by the objective medical evidence, the Court is left to guess if the ALJ properly considered Plaintiff's obesity and Plaintiff's subjective complaints. As mentioned above, the ALJ also impermissibly increased Plaintiff's "burden of proof," when he requested 'significant' or 'gross' evidence throughout the record. R. 23-26; *see Arakas,* 983 F.3d at. 96.

It is the ALJ's responsibility, and not the Court's, "to 'build an accurate and logical bridge from the evidence to his conclusion' that [a claimant's] testimony was not credible." *Monroe*, 826 F.3d at 189 (remanding an ALJ's denial of disability and stating, "if the ALJ decides to discredit [the plaintiff's] testimony . . . it will be incumbent on him to provide a clearer explanation of his reasons for doing so, such that it will allow meaningful review of his decision"). Due to the ALJ's failure to provide sufficient explanations for his determination, remand is warranted. The Court remands the case with specific instructions for the ALJ to

develop the record by providing a narrative discussion identifying which of Plaintiff's statements he found to be less than credible and the evidence he relied upon in making that determination. The ALJ should also consider Plaintiff's subjective complaints in the RFC, regardless of whether they are supported by the objective evidence, and whether Plaintiff's limitations allow him to persist through an eight-hour workday and sustain a full-time job.

As mentioned above, Plaintiff also raises other issues for review. However, in view of the Court's decision to remand the matter due to the improper evaluation of Plaintiff's subjective complaints, the Court declines to address the remaining issues. *See Brown v. Colvin*, 639 F. App'x 921, 923 (4th Cir. 2016) (declining to address all of a claimant's issues raised once the court decided to remand on one issue); *Edna Faye H. v. Saul*, No. TMD-18-581, 2019 WL 4643797, at *6 (D. Md. Sept. 24, 2019).

On remand, the ALJ should address the issues raised by Plaintiff. [3] *Timothy H. v. Saul*, No. TMD 18-1675, 2019 WL 4277155, at *7 (D. Md. Sept. 10, 2019). In remanding this case, the Court expresses no opinion on whether the ALJ's ultimate decision that Plaintiff was not disabled is correct or incorrect. *See Parker v. Comm'r, Soc. Sec.*, No. ELH-16-2607, 2017 WL 679211, at *4 (D. Md. Feb. 21, 2017).

---

[3] Plaintiff contends that he had extensive mental health treatment after May 2018, that the ALJ did not consider. Pl.'s Mem. in Supp. of Pl.'s Mot. 9. Although the Court did not address Plaintiff's mental impairments, on remand the ALJ should consider these records and any other evidence that Plaintiff provides before the next decision by the SSA. There is evidence in the record from a medical expert that Plaintiff suffered from mental impairments. R. 25-26. Specifically, Dr. Walker found that Plaintiff's mental and emotional abilities were "extremely impaired." R. 25. Dr. Walker also opined that Plaintiff suffered from extreme and marked limitations. R. 26. This Court understands that the mental records were not available when Plaintiff first applied for disability. However, the ALJ on remand should consider all mental health records thoroughly on remand. The ALJ solely discounted the mental health medical records due to Plaintiffs' ability to perform basic living activities. The Court addresses the issue of solely relying on Plaintiff's ability to perform daily living activities, in this opinion.

## IV.     Conclusion

Based on the foregoing, the Court hereby **DENIES** Plaintiff's Motion, **DENIES** Commissioner's Motion, **GRANTS** Plaintiff's Alternative Motion and **REMANDS** this matter for further proceedings.


February 11, 2022                                                                  /s/
                                                                    Charles B. Day
                                                                    United States Magistrate Judge


CBD/pjkm